CIRCLE LOUNGE & GRILLE, INC. *vs.* BOARD OF APPEAL OF
BOSTON & another.

Suffolk.    February 7, 1949. — June 10, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Zoning. Equity Jurisdiction,* Zoning. *Equity Pleading and Practice,*
Parties, Zoning appeal. *Words,* "Person aggrieved."

It is no part of the purpose of zoning regulations to protect business from
   competition.

The primary purpose of zoning with reference to land use is the preser-
   vation in the public interest of certain neighborhoods against uses
   which are believed to be deleterious to such neighborhoods.

In so far as zoning is based upon the uses of lands, and where there is
   nothing to indicate a contrary statutory intent, the true rule is that a
   proprietor in a less restricted zone is not a "person aggrieved" within
   the meaning of either St. 1924, c. 488, § 19, as appearing in St. 1941,
   c. 373, § 18, or G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933,
   c. 269, § 1, by the introduction into a more restricted zone of any use
   permitted in the zone in which such proprietor's property is located.

The proprietor of a restaurant on land zoned for business on Cleveland
   Circle in Boston was not a "person aggrieved" within St. 1924, c. 488,
   § 19, as appearing in St. 1941, c. 373, § 18, by a decision of the board of
   appeal of Boston granting a variance permitting the erection of a
   restaurant on land zoned for residential purposes on the opposite side
   of the circle.

BILL IN EQUITY, filed in the Superior Court on February
12, 1948.

The case was heard by *Donahue,* J.

*G. Alpert,* (*M. D. H. Schon, H. Singer,* & *H. Alpert* with
him,) for the defendant Fish.

*O. F. Brock,* Assistant Corporation Counsel, for the de-
fendant board, submitted a brief.

*S. P. Sears,* (*L. R. Cohen* with him,) for the plaintiff.

QUA, C.J.    This is a bill in equity originally filed in the
Superior Court by way of "appeal" under the zoning law
of Boston, St. 1924, c. 488, § 19, as appearing in St. 1941,

c. 373, § 18, from a decision of the board of appeal of Boston granting to the defendant Fish a variance with respect to a parcel of vacant land owned by him on the southwesterly side of Chestnut Hill Avenue at Cleveland Circle. The case is here by appeal from a final decree of the Superior Court annulling the decision of the board.

Cleveland Circle is a street in the form of a complete circle, with roadway and sidewalks, surrounding a plot of grass and trees. Its total diameter is approximately three hundred fifty feet. Chestnut Hill Avenue enters and leaves the circle at opposite points. The Fish land has a frontage of about one hundred ten feet on the southwesterly side of Chestnut Hill Avenue where that avenue leaves the circle in a southeasterly direction. The land touches the circle itself for about fifteen feet in a curved line at the circle's most southerly point. The land extends away from the avenue in a southwesterly direction for a distance of about three hundred feet and contains about thirty-three thousand fourteen square feet. It is bounded on the northwest, west, and southwest by a playground of the city of Boston, of which it was until recently a part, and on the southeast by a moving picture theatre and its appurtenant parking space. All that part of Cleveland Circle lying northeasterly of Chestnut Hill Avenue (considered as extended through the circle) is zoned for business purposes and is actually occupied for some form of business, although the upper floors of some of the buildings are also occupied for dwelling purposes. The northeasterly side of Chestnut Hill Avenue for some distance on each side of Cleveland Circle is likewise zoned for business. Immediately opposite the Fish land on Chestnut Hill Avenue are a filling station, a garage, and the yards of the Metropolitan Transit Authority. All that part of Cleveland Circle lying southwesterly of Chestnut Hill Avenue (considered as extended through the circle) is zoned for residence purposes, and so is the southwesterly side of the adjoining portions of Chestnut Hill Avenue, but there are in fact no residences in any portion of this residence zone in the immediate vicinity of

Cleveland Circle. In this vicinity the residence zone is composed entirely of the playground, park land adjacent to the Chestnut Hill reservoir, and the Fish land. The Fish land is the only land in the immediate vicinity of Cleveland Circle which is in private ownership and is zoned for residence purposes. The variance allowed by the board consisted in permitting Fish to erect on his land a "Howard Johnson type" restaurant building to occupy approximately three thousand eight hundred square feet of the total area of thirty-three thousand fourteen square feet and to be set back approximately one hundred twenty-five feet from the avenue.

Statute 1924, c. 488, § 19, as appearing in St. 1941, c. 373, § 18, allows a proceeding like the present one to be brought by "Any person aggrieved by a decision of the board of appeal," with an exception not here material. At the outset consideration must be given to the question whether Circle Lounge & Grille, Inc., which is the sole plaintiff, is such a person. The plaintiff operates a restaurant for furnishing food and liquor on Cleveland Circle almost opposite the Fish land. It does not own the premises, but has made a large investment there and is in possession on terms which we assume in its favor amount to a tenancy of some sort. In order to go from the plaintiff's restaurant to the Fish land by the nearest route one would cross Cleveland Circle roadway twice and also traverse the enclosed grass plot. The total distance in a straight line from the entrance of the plaintiff's restaurant to the nearest portion of the new restaurant, if built, would apparently be at least four hundred thirty feet.

It is reasonable to suppose that the plaintiff's business would suffer to some extent at least by the establishment of a "Howard Johnson" restaurant at the edge of Cleveland Circle. But injury from business competition has generally been considered damnum absque injuria. *Walker* v. *Cronin*, 107 Mass. 555, 564. *Martell* v. *White*, 185 Mass. 255, 260. *Pickett* v. *Walsh*, 192 Mass. 572, 585–586. It was no part of the purpose of the zoning regulations to protect business

from competition. In fact they would often operate to increase competition by limiting the areas within which certain business can be carried on. We cannot believe that a person is aggrieved within the meaning of the statute here in question merely because a variance, even if improvidently granted, will increase competition in business. *Benson v. Zoning Board of Appeals of Hartford,* 129 Conn. 280, 284. *179 Duncan Avenue Corp. v. Board of Adjustment of Jersey City,* 122 N. J. L. 292. *Bazinsky v. Kesbec, Inc.* 259 App. Div. (N. Y.) 467. No serious argument is made to the contrary, and we construe the judge's findings as showing that he excluded this matter from his consideration.

Apart from damage by competition, the only particular ways in which the plaintiff has suggested that it is aggrieved are that the aesthetic appearance of the circle will be impaired; that there is likely to be litter about "Howard Johnson" restaurants; and that traffic in the circle, which is already dense at times, will be increased. But the proposed building will be at least four hundred thirty feet from the plaintiff's restaurant. It will affect only a small part of the arc of visibility from the premises occupied by the plaintiff and at an acute angle with the front of its restaurant. Whatever litter may result will scarcely be noticeable at such a distance. Provision is to be made for parking automobiles off the street at the new restaurant, and the increase in traffic is problematical and might be little, if any, greater than that from a large apartment block which could lawfully be erected on the Fish land without a variance. These claims of grievance do not seem to us particularly impressive. As we understand the judge's findings, he did not base his decision upon them.

But even if some harm might be done to the plaintiff in the ways suggested, there is a more fundamental and more comprehensive reason why we think the plaintiff is not a person aggrieved within the meaning of the statute. Commonly a person aggrieved is one whose legal rights have been infringed. *Hough v. North Adams,* 196 Mass. 290, 291. *Monroe v. Cooper,* 235 Mass. 33, 34. *Godfrey v. Building*

*Commissioner of Boston,* 263 Mass. 589. *Murray* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 15, 16. *Standard Oil Co. of New York* v. *Commissioner of Public Safety,* 274 Mass. 155. *Thornton* v. *Charleston,* 109 Miss. 255. See *American Can Co.* v. *Milk Control Board,* 313 Mass. 156. We think it is so under the statute here in question. An owner has no strictly private right in the enforcement of zoning regulations, unless some statute creates such right. *O'Brien* v. *Turner,* 255 Mass. 84. *Mullholland* v. *State Racing Commission,* 295 Mass. 286, 290. The statute in question therefore did more than confer a remedy. By necessary implication it created rights. There could have been no intent to create in anyone arbitrary rights to interfere with the use of another's land. The rights intended to be created must bear a rational relation to the situation and use of the plaintiff's property. With this in mind we must inquire what peculiar legal rights were intended to be given to the plaintiff by the statute permitting an appeal.

The primary purpose of zoning with reference to land use is the preservation in the public interest of certain neighborhoods against uses which are believed to be deleterious to such neighborhoods. *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 104. The residence zone in which the Fish land is located was established to protect that zone against business and manufacturing uses. It was not established to protect the plaintiff's restaurant, which is located in a business zone. The residence zone was designed to protect residence against business. It was not designed to protect business against business. Therefore it would be an anomaly to confer upon the plaintiff peculiar legal rights against a business of a kind permitted in the zone where its property is. There is no doubt that if Fish should propose to build a restaurant immediately adjoining the plaintiff's restaurant on the same side of the circle, the plaintiff would be without remedy. It would be strange if we were to hold that the plaintiff's rights are violated and that it is a person aggrieved when the same thing is done four hundred thirty feet away on the other side of the

circle. In our opinion, in so far as zoning is based upon the uses of lands, and where there is nothing to indicate a contrary statutory intent, the true rule is that a proprietor in a less restricted zone is not a "person aggrieved" within the meaning of the statute by the introduction into a more restricted zone of any use permitted in the zone in which the proprietor's property is located. See *St. Basil's Church of Utica* v. *Kerner,* 125 Misc. (N. Y.) 526, 531; *Bazinsky* v. *Kesbec, Inc.* 259 App. Div. (N. Y.) 467. The mere circumstance that the properties are near the border line should make no difference. In this way, although a proprietor's rights under the statute are not necessarily confined to his own zone, and may extend into another restricted zone, he is not entitled to protection greater than that afforded him in his own zone. That marks the outer limits of the rights intended to be conferred upon him. There is nothing in the purposes or structure of the zoning laws to suggest that a proprietor who is not protected in his own zone should be able to appropriate to himself the protection accorded to others in a more protected zone. This is not in conflict with *Ayer* v. *Commissioners on Height of Buildings in Boston,* 242 Mass. 30, where quite different considerations were involved. See *Barnard* v. *Metropolitan Ice Co.* 278 Mass. 441; *N. V. Handel Industrie Transport Maatschappij* v. *State Fire Marshal,* 305 Mass. 482. This result is consistent with the general rule in this Commonwealth that violation of law commonly gives rise to no private right of action unless there is also violation of some private right or duty. *Menut* v. *Boston & Maine Railroad,* 207 Mass. 12. *Wynn* v. *Sullivan,* 294 Mass. 562, 566. *Richmond* v. *Warren Institution for Savings,* 307 Mass. 483, 485–486. *Barboza* v. *Decas,* 311 Mass. 10, 12. *Greenway Wood Heel Co. Inc.* v. *John Shea Co.* 313 Mass. 177, 183–184. See *DiCaprio* v. *New York Central Railroad,* 231 N. Y. 94, 97.

This case arises under the zoning law in force in the city of Boston, but the construction here given to the words "Any person aggrieved" is equally applicable to the same words in G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933,

c. 269, § 1, in force in other cities and towns of the Commonwealth.

Since the plaintiff is not a person aggrieved within the meaning of the statute, the decree must be reversed and a decree must be entered dismissing the bill with costs.

*So ordered.*