KATHERINE R. BRADSHAW *vs.* BOARD OF APPEALS OF
SUDBURY & others
(and a companion case[1]).

Middlesex. November 6, 1963. — December 6, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Zoning,* Board of appeals: appeal to board, jurisdiction. *Permit. Mandamus.*

The zoning board of appeals of a town had no jurisdiction on an appeal to it under G. L. c. 40A, § 13, to review action of the selectmen granting a liquor license for premises on which the location of the building was allegedly in violation of the zoning by-law. [559–560]

---

[1] The companion case is by Katherine R. Bradshaw against Selectmen of Sudbury and others.

Bradshaw *v.* Board of Appeals of Sudbury.

A petition for a writ of mandamus should be dismissed as a matter of discretion where the petition sought to compel the selectmen of a town to revoke a liquor license granted for premises on which the location of the building was allegedly in violation of the zoning by-law and to compel the building inspector to take action under the building code with respect to such building, and it appeared that at the time of the commencement of the proceeding the petitioner had been the proprietor of nearby premises licensed under the liquor laws with which the premises in question would compete, but had ceased to be such proprietor although she continued to be a citizen of the town.   [560–561]

Bill in equity filed in the Superior Court on January 11, 1962.

Petition for a writ of mandamus filed in that court on January 11, 1962.

J. Walter MacKinnon and John S. MacKinnon were allowed to intervene in both cases.   The cases were heard by *Vallely,* J.   Katherine R. Bradshaw appealed in each case.

*Martin W. Cohen* for Katherine R. Bradshaw.

*James W. Kelleher* for the interveners (*Edward T. Simoneau,* Town Counsel, for the Board of Appeals of Sudbury & others, with him).

Whittemore, J.   These appeals are from a final decree in a suit in equity under G. L. c. 40A, § 21, and from the judgment in a mandamus case.

Katherine R. Bradshaw in the proceedings before the zoning board of appeals which were reviewed in the equity suit sought to require that the zoning board review the action of the selectmen in granting a liquor license for premises on Concord Road, Sudbury, so located as to be a competitor of her nearby, licensed, premises.   The claimed bases for such review were alleged violations in the competing premises of zoning by-law requirements in the location of the building on the lot.   The building was built in 1953 with an addition in 1956 by a predecessor in title of the owners of the competing premises.   This construction was observed by the plaintiff.   The plaintiff refers to G. L. c. 40A, § 12, which directs all officials to refuse a permit or license for "a new use" which would be a zoning violation, and to § 13, which gives an appeal to the zoning board from

Bradshaw *v.* Board of Appeals of Sudbury.

"any order or decision of the inspector of buildings or other administrative official in violation of any provision of this chapter, or any . . . by-law adopted thereunder." The zoning board and the judge in the Superior Court rejected this attempt to give the zoning board power to review the action of another board in the performance of its unrelated functions. The final decree sustained the decision of the zoning board that it was without jurisdiction.

We were informed at the argument that the plaintiff is no longer an owner of the nearby premises or the business therein. Hence she has lost the standing as an aggrieved person under G. L. c. 40A, § 21, that is disclosed in the evidence. We are told that the plaintiff remains a resident and property owner of the town but it does not appear where she resides in relation to the premises complained of. Conceivably on a remand the plaintiff could be shown to be still an aggrieved person. See *Caputo* v. *Board of Appeals of Somerville,* 330 Mass. 107, 111–112, 113–114.

The plaintiff's standing on this record is at best uncertain but we prefer not to order dismissal of the case or its remand. As the rulings below were plainly right we dispose of the case on the merits. The context within c. 40A generally and § 13 in particular negatives an intent to make such a wide grant of review power to the zoning board even if a literal reading suggests such. There are, of course, adequate means for enforcing zoning by-laws without recourse to such an indirection.

The judgment in the mandamus case dismissed the petition. In the prayers the petitioner sought to require the selectmen to revoke the liquor license and to require the building inspector to take action under the building code which makes it unlawful to use a building built or rebuilt in violation of any by-law. The petition alleges that the selectmen are the enforcing officers for the zoning by-law but there is no prayer to require the selectmen so to act. Notwithstanding the petitioner's change of position she may have standing in mandamus as a citizen resident elsewhere than near the locus. See *Sunderland* v. *Building In-*

*spector of North Andover,* 328 Mass. 638, 640, and cases cited. Nevertheless, the petition should be dismissed as a matter of discretion because of the facts found in the Superior Court, the material change in the petitioner's relation to the locus, and the limited special intent of the petition as shown in its prayers. See *Simonian* v. *Boston Redevelopment Authy.* 342 Mass. 573, 585–586; *Chilson* v. *Zoning Bd. of Appeal of Attleboro,* 344 Mass. 406, 407–410. We discern no error in the findings or the admission of evidence.

The final decree and the judgment are affirmed.

*So ordered.*