CITY COUNCIL OF PEABODY *vs.* BOARD OF APPEALS OF PEABODY & another. December 10, 1971. Under G. L. c. 40A, § 21, the city council of Peabody on October 8, 1970, appealed to the Superior Court from a decision of the defendant board of appeals (the board) granting a variance from the zoning ordinance of Peabody to the defendant James O. Spinney. This case is here on the plaintiff's appeals from an interlocutory decree sustaining the board's plea in abatement and a final decree dismissing the bill, both rendered on the ground that the plaintiff had no standing to appeal from a decision of the board under the provisions of G. L. c. 40A, § 21. The statute, originally inserted by St. 1954, c. 368, § 2, and later amended, permitted an appeal by any person aggrieved "or any municipal officer or board." Statute 1969, c. 706, substituted for the quoted words "and including any municipal officer." Statute 1970, c. 80, inserted the words "or planning board" after "municipal officer." The plaintiff is not a planning board. It is not a "municipal officer" for the purposes of this statute. The clause in question originally distinguished between "officers" and "boards" and the latter was struck out. See *Carr* v. *Board of Appeals of Medford,* 334 Mass. 77, 80. The plaintiff is not an aggrieved "person." See *Taunton* v. *Commissioner of Corps. and Taxn.* 359 Mass. 188, 190–191. Cf. *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 430–431. We must construe the statute as it is written. *Morse* v. *Boston,* 253 Mass. 247, 252. *Brennan* v. *Election Commrs. of Boston,* 310 Mass. 784, 789. The plaintiff has no standing under G. L. c. 40A, § 21, to appeal from a decision of the board. Although the mayor of Peabody, a "municipal officer," approved the order to appeal, he did not join as a party plaintiff. The interlocutory decree is affirmed. If within sixty days after rescript the mayor joins in a motion to amend the bill by substituting him as the plaintiff, allowance of the motion is to be in the discretion of the Superior Court. If such a motion is timely and is allowed, the final decree is to be reversed and the suit shall stand for further proceedings. If such a motion is not filed within the time allowed, or if so filed is disallowed, the final decree is to be affirmed.

*So ordered.*

*Israel Bloch* for the plaintiff.
*Timothy J. O'Keefe,* City Solicitor, for the Board of Appeals of Peabody.