AMHERST GROWTH STUDY COMMITTEE, INC. *vs.* BOARD OF APPEALS OF AMHERST & another. May 24, 1973. The defendant's plea in abatement was properly sustained. The plaintiff, organized after the board's decision granting the special permit, but before the expiration of the

twenty-day appeal period set out in G. L. c. 40A, § 21, purports to be the successor to a committee organized to oppose this development. The trial judge found that the plaintiff is not a property owner, and so far as appears from the evidence, the plaintiff itself has no current interests or activities of any kind other than to oppose this development. A statement of corporate purposes cannot by itself create standing. Because neither the pleadings nor the evidence discloses that the plaintiff has any legal rights that have been infringed (*Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 430), the judge was correct in finding that the plaintiff is not a "person aggrieved" within the meaning of § 21. One "zealous in the enforcement of law but without private interest" is not an aggrieved person. *Godfrey* v. *Building Commr. of Boston,* 263 Mass. 589, 590, 593. See *Sierra Club* v. *Morton,* 405 U. S. 727, 739-740. The record before us furnishes no basis to consider the plaintiff's argument that it should have standing to represent rights of its "members."

*Interlocutory decree affirmed.*
*Final decree affirmed.*

*Thomas B. Arnold* for the plaintiff.

*James B. Krumsiek* (*Douglas R. Peterson* with him) for Otto J. Paparazzo Associates, Inc.

*Stephen B. Monsein,* for the Board of Appeals of Amherst, was present but did not argue.