WALTHAM MOTOR INN, INC. & others[1] *vs.* ANTHONY
LaCAVA & others[2]
(and a companion case[3]).

Middlesex.    March 12, 1975. — April 17, 1975.

Present: HALE, C.J., ROSE, & GRANT, JJ.

*Equity Pleading and Practice,* Zoning appeal, Parties. *Equity Juris-
diction,* Zoning. *Zoning. Evidence,* Presumptions and burden of
proof. *Words,* "Person aggrieved."

Although there was a presumption that the plaintiffs, who were owners
of property lying in proximity to and in the same zoning district as
two parcels of land owned by the defendants, were persons aggrieved
within the meaning of G. L. c. 40A, §21, by decisions of a city coun-
cil to grant special permits for the construction and operation of a
hotel and a hotel/motel on the defendants' property, there was no
error in a finding that the plaintiffs were not in fact persons ag-
grieved under the statute where the issue of jurisdiction under § 21
was contested by the defendants and where it appeared that the
only interest of the plaintiffs in contesting the council's decisions
was the protection of their own existing motel facilities from busi-
ness competition. [213-218]
In bills in equity brought under G. L. c. 40A, § 21, to challenge de-
cisions of a city council granting special permits for the construction
and operation of a hotel and a hotel/motel on the defendants' prop-
erty, there was no error in a finding that two plaintiffs who owned
property a mile distant from the defendants' land in a different type
of zoning district were not persons aggrieved by the decisions within
the meaning of G. L. c. 40A, § 21. [218]

---

[1] Ralph Gilbert, Arthur Gilbert and Aaron Soltes.

[2] John F. Paino; Anthony LaCava and John F. Paino as trustees of
Paino-LaCava Realty Trust; the city council of Waltham; and the city
of Waltham.

[3] Waltham Motor Inn, Inc. and Richard D. Olen *vs.* Anthony J.
LaCava and John F. Paino, individually and as trustees of Paino-La-
Cava Realty Trust and of LaCava-Paino Realty Trust; Edward C.
Mendler, Jr.; Anthony J. LaCava, John F. Paino and Edward C.
Mendler, Jr., as trustees of P and L Realty Trust; the city council of
Waltham; and the city of Waltham.

TWO BILLS IN EQUITY filed in the Superior Court on May 15, 1969, and June 12, 1973, respectively.

Pleas in bar were sustained, and final decrees entered, by *Donahue, J.*

*J. Chester Webb* for the plaintiffs.

*Charles R. Parrott* (*Michael R. Coppock* with him) for the defendants.

GRANT, J.   These are two bills in equity by which the remaining plaintiffs named therein[4] seek to challenge separate decisions of the city council of Waltham (council) by which the council granted special permits (see G. L. c. 40A, § 4) for the construction and operation of a hotel and a "hotel/motel," respectively, in a limited commercial zoning district. Both bills purport to be brought under G. L. c. 40A, § 21.[5] The defendants in each bill filed a "plea in bar" which asserted, in effect, that none of the plaintiffs was a "person aggrieved" within the meaning of § 21.[6] The pleas were heard together on statements and agreements of counsel. The judge made findings, ruled that none of the remaining plaintiffs in either bill was a person aggrieved within the meaning of § 21, and entered interlocutory decrees sustaining both pleas. The remaining plaintiffs have appealed from those decrees and from final decrees dismissing the bills.

The remaining plaintiffs in the first case seek to challenge the council's grant in 1969 of a special permit to the trustees of Paino-LaCava Realty Trust for the construction and operation of a hotel on a parcel known as 380 Winter Street.[7] The remaining plaintiffs in the first case

---

[4] We have not identified in any of the preceding footnotes other plaintiffs as to whom the bills were dismissed by agreement in the Superior Court.

[5] One bill expressly alleges that it was brought under § 21, and there does not appear to have been any objection to the judge's treating the other bill as having been brought under the same section.

[6] We treat both pleas, as did the judge below, as being addressed to the jurisdiction of the court. *Marotta* v. *Board of Appeals of Revere,* 336 Mass. 199, 202-203 (1957).

[7] The relative locations of the various parcels herein referred to appear on the accompanying sketch plan, which has been reproduced

are Waltham Motor Inn, Inc., Ralph and Arthur Gilbert
(the Gilberts), and one Aaron Soltes. The target in the
second case is the council's grant in 1973 of a special permit
to the trustees of P and L Realty Trust for the construc-
tion and operation of a hotel/motel on a parcel known as
420 Totten Pond Road. The remaining plaintiffs in the
second case are Waltham Motor Inn, Inc. and one Richard
D. Olen.[8]

Waltham Motor Inn, Inc., a corporation, is, and at all
material times has been, the lessee from Paino-LaCava
Realty Trust of the parcel and buildings known as 372
Winter Street. The buildings on this parcel consist of a
hotel or motel (Holiday Inn) which was built pursuant to
a variance obtained by the trust from the board of appeals
in 1961 and which, since the inception of the lease, has been
operated by the corporation. The lease from the trust to the
corporation contains several options in the corporation to
renew for various periods, and the parties have character-
ized the lease as one for ninety-nine years. The corpora-
tion was not given written notice of either of the public
hearings held by the council on the applications for the
special permits in question (see G. L. c. 40A, § 17),[9] but
its counsel appeared at both hearings and opposed both
applications.

---

from the plaintiffs' brief and which was used by both counsel at the
argument. The sketch is not drawn to scale, and we are advised by
counsel for the plaintiff that the actual locations of some of the bound-
ary lines shown on the sketch are in dispute.

[8] The judge denied a motion by the Gilberts (presented at the hear-
ing on the pleas) that they be granted leave to intervene as plaintiffs
in the second case, stating that if he had permitted the requested inter-
vention, he would have found the Gilberts were not "aggrieved" per-
sons within the meaning of G. L. c. 40A, § 21. All the remaining plain-
tiffs in the second case purported to appeal from an interlocutory de-
cree denying the Gilberts' motion. We do not consider that appeal
separately because, for reasons which will appear at a later point in
our opinion, we do not think the Gilberts were "aggrieved" by either
decision of the council.

[9] As it will make no difference in our disposition of these cases, we
shall assume (without deciding) that a lease for ninety-nine years will
constitute the lessee an "owner" for purposes of G. L. c. 40A, § 17. See,
however, G. L. c. 186, § 1.

The Gilberts have been the owners since 1968, either as partners or as trustees of Winter Street Trust, of the parcel and buildings known as 385 Winter Street. The buildings consist of a motel operated by the Gilberts which was originally known as Charter House but is now known as Waltham Motor Inn.[10] The Gilberts were given written notice by the council of the public hearing held on the application for the special permit granted in the first case. The second case has been argued on the footing that the Gilberts received no such notice of the hearing held in that case. Their counsel appeared in opposition to the applications in both cases.

The parcels known as 372, 380 and 385 Winter Street and the one known as 420 Totten Pond Road all lie within the same Limited Commercial district, in which "hotels, motels ... [and] hotel/motels" are authorized by the zoning ordinance (art. XII, § 21-26) if a special permit is obtained from the council. The plaintiff Soltes owns a residence at 15 Cedar Hill Lane in Waltham, which is at least a mile distant from the parcel at 380 Winter Street and lies in a Residential A-3 zoning district. The plaintiff Olen owns a residence at 73 Totten Pond Road in Waltham, which is a mile distant from the parcel at 420 Totten Pond Road and lies in a Residential A-2 district.

Although it has been said that "[t]he words 'person aggrieved' in such statutes as c. 40A, § 21, are not to be narrowly construed" (*Marotta* v. *Board of Appeals of Revere,* 336 Mass. 199, 204 [1957]), the only case which enunciates specific guidelines for identifying a "person aggrieved" is *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427 (1949), in which it was held under a counterpart of the present § 21 that a proprietor in a less restricted zone is not aggrieved by the introduction into a more restricted zone of a use permitted in the zone in which the proprietor's property is located. That case

---

[10] The similarity between this name and that of the corporation known as Waltham Motor Inn, Inc., apparently stems from the fact that the Gilberts are officers and directors of and minority stockholders in the corporation.

rejected the notion that a statutory provision such as § 21
affords an owner a "private right in the enforcement of
zoning regulations" (324 Mass. at 431), requires a private
party claiming to be aggrieved by a decision of a board of
appeals[11] to demonstrate that he is "one whose legal rights
have been infringed" (324 Mass. at 430), and determined
that a private party is not "aggrieved within the meaning
of the statute ... merely because a variance[12] ... will in-
crease competition in business" (324 Mass. at 430).

A review of the cases in which there has been occasion
to determine whether a private party is a "person ag-
grieved" within the meaning of c. 40A, § 21, reveals that
in the absence of any specific evidence on the question
whether a particular plaintiff has a legal right which has
been infringed, the court has relied either on what it has
expressly characterized as a presumption or on various rules
of reason which we think are also to be characterized as
presumptions. Thus, it was expressly held in *Marotta* v.
*Board of Appeals of Revere,* 336 Mass. 199, 204 (1957),
that "there is a presumption that property owners to whom
the board in the performance of its statutory obligation has
sent notice as persons 'deemed by the board to be affected
thereby'[13] have an interest and are persons aggrieved." A
study of other cases discloses the existence of a presumption
that a nearby owner of property lying in the same or in a
substantially similar type of zoning district is a party ag-
grieved within the meaning of § 21 (see *Reynolds* v. *Board
of Appeal of Springfield,* 335 Mass. 464, 469, 470 [1957];
*Colabufalo* v. *Board of Appeal of Newton,* 336 Mass. 213,

---

[11] We include in the category "board of appeals" a city council and
a board of selectmen whenever a zoning ordinance or by-law entrusts
the granting of special permits to such a council or board rather than
to the board of appeals. See G. L. c. 40A, § 4. It was under such an
ordinance that the city council of Waltham acted in the present cases.

[12] There is no distinction, for present purposes, between a variance
(G. L. c. 40A, § 15[3]) and a special permit (G. L. c. 40A, § 4). The
provisions of G. L. c. 40A, § 21, apply to both.

[13] G. L. c. 40A, § 17.

217 [1957]; *Vainas* v. *Board of Appeals of Lynn,* 337 Mass. 591, 591, 594 [1958]; *Smith* v. *Board of Appeals of Plymouth,* 340 Mass. 230, 231, 232 [1960]; compare *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 742, 743-744 [1957] [decided under parallel provisions of G. L. c. 41, § 81BB]; *Building Inspector of Acton* v. *Board of Appeals of Acton,* 348 Mass. 453, 457 [1965]) and the absence of any such presumption when nothing more appears than that the plaintiff is a resident or the owner of property lying somewhere in the municipality (see *Bradshaw* v. *Board of Appeals of Sudbury,* 346 Mass. 558, 560 [1963]; compare *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 744 [1957]).

But even where a presumption exists, it must be placed in its proper perspective. "If the issue is contested, and any additional evidence is offered, the point of jurisdiction will be determined on all the evidence with no benefit to the plaintiffs from the presumption as such." *Marotta* v. *Board of Appeals of Revere,* 336 Mass. 199, 204 (1957). And, as was said in the *Marotta* case, "[t]he status of the property or of the plaintiffs may be such that the plaintiffs are not aggrieved even though the property is very near" (p. 203).

With these principles in mind we return to the statements and agreements of counsel which have been summarized above concerning the status of each of the principal plaintiffs in these two cases.

The parcel leased to Waltham Motor Inn, Inc. (372 Winter Street) abuts (see sketch) the parcels for which special permits were granted in both cases (380 Winter Street and 420 Totten Pond Road). If we treat that corporation as the owner of 372 Winter Street (see n. 9), then, on the authorities cited above, there is a presumption from such proximity that that plaintiff is a "person aggrieved" by both decisions of the council. The parcel owned by the Gilberts (385 Winter Street) abuts the parcel for which a special permit was granted in the first case (380 Winter Street), and consequently there is a like presumption with

Waltham Motor Inn, Inc. *v.* LaCava.

respect to the Gilberts in the first case.[14] However, as the *Marotta* case teaches (336 Mass. at 204), those presumptions and the weight to be accorded them must be examined and determined in the light of all the evidence which bears on the interests of those plaintiffs in contesting the decisions in question. There is nothing in the record to suggest that the granting of either permit would result in a diminution in the value of the interest which any of those plaintiffs owns or controls in the real estate located at 372 or 385 Winter Street. Contrast *Carey* v. *Planning Bd. of Revere*, 335 Mass. 740, 743-744 (1957). None of those plaintiffs, each of whom has the benefit of a variance or a special permit to operate a motel in the limited commercial district, can have any legitimate interest in preserving the integrity of the district from the introduction of further like uses. The only visible interest of any of those plaintiffs in contesting either or both of the decisions is the protection of existing motel facilities from the anticipated effects of business competition.

The judge found as matter of fact that such was the interest of each in contesting the decisions and, on the authority of the *Circle Lounge & Grille* case (324 Mass. at 429-430), ruled that none of those plaintiffs was a "person aggrieved" within the meaning of G. L. c. 40A, § 21. We see no error in the pertinent findings. Although, as we have said, each of those plaintiffs was entitled to the benefit of a presumption that he or it was aggrieved, the issue was contested, additional evidence was offered, and "the point of jurisdiction ... [had to be] determined on all the evidence with no benefit to the plaintiffs from the presumption as such." *Marotta* case, at 204. The judge's findings were not plainly wrong. We ourselves would have reached

---

[14] If we disregard the intervening streets, the Gilberts (385 Winter Street) may also be abutters to an abutter (372 Winter Street) of the parcel for which the permit was granted in the second case (420 Totten Pond Road) for the purposes of the first sentence of G. L. c. 40A, § 17, as appearing in St. 1971, c. 569. As already explained (n. 8), we do not consider whether the Gilberts would have had the benefit of any presumption in the second case if they had been allowed to intervene in that case.

the same conclusions on the statements and agreements of counsel. Compare *Weinstein* v. *Green,* 347 Mass. 580, 581 (1964).

There was no error in the determinations that Soltes and Olen were not parties aggrieved in the first and second cases, respectively. Neither of those plaintiffs was entitled to the benefit of any presumption in his favor, and neither offered any evidence on the jurisdictional point.[15] It was not enough that either of them might have had a general civic interest in the enforcement of the zoning ordinance. *Amherst Growth Study Comm. Inc.* v. *Board of Appeals of Amherst,* 1 Mass. App. Ct. 826 (1973).

The interlocutory decrees sustaining the pleas and the final decrees dismissing the bills are affirmed.

*So ordered.*

---

[15] All the plaintiffs in both cases were represented by the same counsel, and we think the judge would have been warranted in concluding that Soltes and Olen had been thrown into the scales as makeweights.