**Russell A. GAUDREAU, Virginia**
**C. HALL, Dr. Kenneth M. GRAHAM**
**and NEIGHBORHOOD**
**ASSOCIATION**
**OF THE BACK BAY, Plaintiffs**
**vs.**
**John W. PRIESTLEY, JR., Richard J.**
**DENNIS, Paul GIBSON, Rogert W.**
**FORD and Alfred GROSS, as they**
**are members of THE BOARD OF**
**APPEALS OF THE CITY OF**
**BOSTON; Leonard KOPELMAN;**
**and Anthony PEPICELLI, as he is the**
**Building Commissioner of the**
**CITY OF BOSTON, Defendants**

**No. 55186**

Superior Court/Suffolk, ss.
Commonwealth of Massachusetts

**September 22, 1982**

</div>

Stephen H. Oleskey, counsel for plaintiff
James F. Sullivan, counsel for defendant

## RULINGS AND ORDER ON THE DEFENDANT KOPELMAN'S MOTION TO DISMISS AMENDED COMPLAINT

### Background and Order

By his motion to dismiss the plaintiffs' amended complaint pursuant to Mass. R. Civ.P. 12(b)(1) and 12(b)(6), the defendant Kopelman seeks that this action be dismissed both for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Kopelman claims in his motion that none of the plaintiffs is an "aggrieved person" within the meaning of St. 1956, c. 665, sec. 11, and that none of the plaintiffs has standing to maintain this action.

By this action the plaintiffs appeal the decision of the Board of Appeals of the City of Boston which granted to Kopelman a zoning variance allowing him to construct a one-story addition on the top of an existing structure at the rear of his property situated at 231 Marlboro Street in the Back Bay section of the City of Boston.

For the reasons set out below, Kopelman's motion is allowed with respect to the plaintiffs Gaudreau, Hall and Neighborhood Association of the Back Bay and it is denied as to the plaintiff Graham.

### Facts.

The plaintiffs' amended complaint indicates that each plaintiff is a person aggrieved by the decision of the Board of Appeals from which their appeal is taken. The amended complaint refers to the

plaintiff Gaudreau as residing at a building he owns at 302 Commonwealth Avenue, Boston, and indicates that he is chairman of the board of directors of the Neighborhood Association of the Back Bay. The amended complaint next refers to the plaintiff Hall as residing at 300 Commonwealth Avenue, Boston, and indicates that she is a director of the Neighborhood Association of the Back Bay. The amended complaint next refers to the plaintiff Graham as residing at 5 Exeter Street, Boston, and indicates that the rear of his residence faces the rear addition to the Kopelman residence which is approximately 75 feet on a diagonal across a public alley. The amended complaint finally refers to the plaintiff Neighborhood Association of the Back Bay as an unincorporated association with several hundred members who live throughout the Back Bay neighborhood of Boston. The amended complaint indicates also that the Neighborhood Association of the Back Bay was organized and exists to preserve and enhance the residential character of the Back Bay neighborhood especially in the zoning district where the Kopelman premises is situated.

**Rulings.**

In my opinion, the plaintiffs Gaudreau, Hall and Neighborhood Association of the Back Bay lack standing to maintain this action as aggrieved persons within the meaning of St. 1956, c. 665, sec. 11 and G.L. c. 40A, sec. 17. The **Waltham Motor Inn, Inc. v. LaCava,** 3 Mass. App. Ct. 210 (1975) and **Owens v. Board of Appeals of Belmont,** Mass. App. Ct. Adv. Sh. (1981) 731 decisions indicate very clearly that in order to bring a claim as the plaintiffs have brought here, a person or entity must have more than a general civic interest in the enforcement of zoning orders in question. The plaintiffs' amended complaint fails to allege that either Gaudreau, Hall, or the Neighborhood Association of the Back Bay either own any property near Kopelman's or have property visible from Kopelman's. Those plaintiffs generally allege only public policy concerns, that is, that the variance granted represents a substantial detriment to public good and the like. Such allegations establish only that the plaintiffs have a general civic interest against the Board of Appeals' decision which is not sufficient to establish that they are aggrieved persons. To rule otherwise would be contrary to the very clear language of the **Waltham** and **Owens** decisions, and in the case of the plaintiff Neighborhood Association of the Back Bay, contrary to the decision of **Rafferty v. Sancta Maria Hospital,** 5 Mass. App. Ct. 624 (1977) as well.

In contrast, the plaintiff Graham added by the amended complaint, claims that he owns a residence 75 feet from the Kopelman property which it faces. This makes the plaintiff Graham an aggrieved person within the meaning of the applicable law.

**Paul G. Garrity**
**Justice of the Superior Court**