THE PRUDENTIAL INSURANCE COMPANY OF AMERICA vs.
BOARD OF APPEALS OF WESTWOOD; ALAN H. RUTAN
& others, applicants for intervention.

Norfolk. September 14, 1984. — October 11, 1984.

Present: DREBEN, KAPLAN, & WARNER, JJ.

*Practice, Civil,* Parties, Zoning appeal. *Zoning,* Person aggrieved.

On appeal from a decision of a zoning board of appeals denying approval of
a plan for the construction by the plaintiff of two office buildings with
related parking facilities on the ground that the plan did not "assure"
satisfactory arrangements for traffic in accordance with the relevant
section of the zoning by-law, the judge did not err in denying applications
for intervention filed by neighboring landowners who supported the
board's decision, but who sought, in addition, to show that the plan
failed to satisfy five other requirements of the zoning by-law. [635-636]

CIVIL ACTION commenced in the Superior Court Department
on May 27, 1983.

Motions seeking leave to intervene were heard by *Garrity,*
J., and *Sheehan,* J.

*Allen Bress* for the applicants for intervention.
*John Kenneth Felter* for the plaintiff.

KAPLAN, J. Upon a certain concession to be mentioned
below, we affirm orders of the Superior Court denying motions
on the part of numerous persons to intervene in an action by
The Prudential Insurance Company of America (Prudential),
plaintiff, against the board of appeals of the town of Westwood,
defendant, in which Prudential "appealed" under G. L. c. 40A,
§ 17, a decision of the board adverse to it.

Prudential proposed to construct two four-story office build-
ings with related parking facilities on 39.5 acres of land in an
"Administrative-Research-Office" zoning district of the town.
The uses involved were permitted uses in that district, but
approval by the board of appeals was needed of the site plan.

The planning board, upon the required submission to it, recommended approval of the plan, but the board of appeals, after public hearing, rejected it. This was for the sole reason that the plan did not "assure" satisfactory arrangements for traffic in accordance with § 10A(e)(3) of the town's zoning by-law.

General Laws c. 40A, § 17, as amended by St. 1978, c. 478, § 32, states that "[a]ny person aggrieved by a decision of the board of appeals . . . whether or not previously a party to the proceeding . . . may appeal to the superior court department . . . by bringing an action [within certain time limits]." When Prudential, as a "person aggrieved," commenced the present action in Superior Court, Rutan and others, to the number of sixty-nine, alleging that they were nearby owners or abutters of the site (all located, it appeared, in a residential district), moved to intervene of right in the action as defendants. The motion was denied. Thereupon, sixty-two of the same group moved to intervene of right as plaintiffs. The motion was likewise denied. The ensuing orders are before us on review.

The applicants for intervention could not themselves maintain a § 17 action because they opposed Prudential's project and thus, far from being aggrieved by the decision of the board of appeals, they were presumably benefited by it. It is not aggrievement, sufficient for § 17, that the applicants would have liked to have the board of appeals find additional faults with the site plan under the zoning by-law; rather that person is aggrieved who has a plausible claim of a definite violation of a private right resulting from the administrative decision. See *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 430-431 (1949); *Amherst Growth Study Comm.* v. *Board of Appeals of Amherst,* 1 Mass. App. Ct. 826, 827 (1973); *Waltham Motor Inn, Inc.* v. *LaCava,* 3 Mass. App. Ct. 210, 213-214 (1975); *Redstone* v. *Board of Appeals of Chelmsford,* 11 Mass. App. Ct. 383, 385 (1981). Such are the familiar cases where affected abutters appeal decisions of boards of appeals that take affirmative action and approve variances or the like. The present situation is altogether different.

Having no standing to commence a § 17 action, the applicants tried to enter Prudential's action through so much of § 17 as

provides that "[o]ther persons" — other than those who by statute must be named in a § 17 action[1] — "may be permitted to intervene, on motion." We can assume that the word "may" does not assign all interventions to the "permissive" category; the language used can be taken to recognize that in passing even on interventions "of right" there is an element of discretion. See *Carlson* v. *Withers,* 16 Mass. App. Ct. 924, 925 (1983).[2]

The applicants seek through intervention, whether as plaintiffs or defendants, not only to support the board in its negative ruling on traffic, but to show that the site plan fails to satisfy the five other qualitative "assurances" of § 10A(e) of the zoning by-law, and fails also quantitatively as to setbacks, buffer strips, and parking. They urge that, having an "interest" in the property or transaction involved, being so situated that disposition of the action may "impair" their ability to protect that interest, and lacking adequate "representation" by the appeals board because (among other reasons) they disagree with the board on all matters other than traffic, they come under the terms of Mass.R.Civ.P. 24(a)(2), 365 Mass. 769-770, the civil rule governing intervention of right.[3] And they say that the decision of the Prudential action, if favorable to Prudential,

---

[1] See, on the question of the statute-mandated parties, *Butts* v. *Zoning Bd. of Appeals of Falmouth, ante* 249 (1984).

[2] If all interventions in § 17 actions were to be viewed as permissive, grant or denial of intervention on the trial level would be so much a discretionary matter as rarely to justify reversal on appellate review. See Wright, The Law of Federal Courts § 75, at 508-509 (4th ed. 1983).

[3] "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Rule 24(a)(1) grants intervention of right where a statute gives an unconditional right; § 17 is not such a statute.

A simple situation for intervention under rule 24(a)(2) as related to § 17 would be one where an abutter, aggrieved by a grant of variance or similar action by a board of appeals, claimed intervention in a § 17 action brought by another aggrieved abutter, the grievances being perhaps different in their substance.

will wholly foreclose them, that their opportunity for omnibus attack on the site plan will be lost unless they are allowed intervention.[4]

We think the same considerations that render the applicants not "aggrieved" for purposes of § 17 also count against their being able to claim a cognizable "interest" under rule 24(a)(2). Cf. *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 628 (1977). It appears unwise, and against the scheme of § 17, to allow the action to be greatly enlarged by the applicants, as interveners, to take up the range of alleged infractions which they intend to interject. Cf. *Vazza Properties, Inc.* v. *City Council of Woburn*, 1 Mass. App. Ct. 308, 312 (1973). Moreover, there is the awkward eventuality that, were intervention to be allowed, and the negative administrative ruling overthrown and the site plan thereafter cleared by the board, affected persons other than the present applicants would still be entitled to initiate a § 17 action. All this looks to denial of intervention, with the applicants remaining free, if and when the site plan is cleared, to urge their claim to be persons aggrieved and to maintain a § 17 action on any ground that the zoning by-law may afford.

As to the applicants' contention about being foreclosed if intervention is denied, it seems to us extravagant as related to matters other than traffic. As to the latter, there may be a possible basis for argument that, to the extent of the court contest, the board of appeals will have acted as a stand-in for the whole community and the § 17 right of private persons should be restricted correspondingly. The case of *Morganelli*

---

[4] The appellants cite some cases in other jurisdictions which allow intervention in actions against the administrative agency although the agency ruling was favorable to the interveners. These are readily distinguishable because the statutory setups were different from ours and the interveners were evidently left without such an independent recourse as § 17. See, e.g., *Wolpe* v. *Poretsky*, 144 F.2d 505, 507 (D.C. Cir.), cert. denied, 323 U.S. 777 (1944); *Bucky* v. *Zoning Bd. of Appeals of Weston*, 33 Conn. Supp. 606 (1976); *Citizens Coordinating Comm. on Friendship Heights, Inc.* v. *TKU Associates*, 276 Md. 705 (1976); *State ex rel. Algonquin Golf Club* v. *Lewis*, 395 S.W.2d 522, 523 (Mo. App. 1965); *Loveless* v. *Yantis*, 82 Wash.2d 754, 758-760 (1973).

v. *Building Inspector of Canton,* 7 Mass. App. Ct. 475 (1979), is cited. This held that, after a failed action by an affected landowner to compel a building inspector to enforce a zoning regulation, other landowners were precluded from a like action; but at 485 n.16 the court noted that the plaintiffs in the later action were not pursuing any § 17 rights. The *Morganelli* case is further explained in *Butts* v. *Zoning Bd. of Appeals of Falmouth, ante* 249, 254-255 (1984).[5] Thus, at first glance, the fear of preclusion even as to traffic appears exaggerated. However that may be, Prudential has conceded that in case these applicants (or other persons) hereafter establish standing to maintain a § 17 action as persons aggrieved, they will not be precluded from putting forward, de novo, their traffic objection as well as any other matters based on the zoning by-law.[6] The concession on Prudential's part will operate as an estoppel against its making any contrary assertion or claim in any future phases of the litigation, and we hereby so declare. Cf. Restatement (Second) of Judgments § 26 (1)(a)-(b) (1980). This seems a proper and reasonable accommodation to the applicants' concerns.

The orders appealed from are affirmed with a declaration to be added as indicated.

*So ordered.*

---

[5] The court wrote: "*Morganelli* (at 481-486) applies the doctrine that a private individual whose interests in the enforcement of zoning laws have been represented in a previous litigation by a public agency or official *and* who does not have rights specifically granted by statute is thereafter barred from instituting his own litigation. In *Morganelli* (at 485 n.16) we emphasized that the plaintiffs had failed to pursue their statutory rights under G. L. c. 40A, § 17."

[6] Prudential would reserve the right to object that a given landowner was too far from the site to be affected, and so forth.