COMMONWEALTH *vs.* GEORGE E. HUNT.

Worcester. September 29, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Sealers of Weights and Measures. Municipal Corporations,* Officers. *Bribery. Coal. False Weight or Measure. Words,* "Municipal officer," "Sealers."

Under R. L. c. 57, §§ 83–90, and acts in amendment thereof, in regard to the sale of coal, and the provision contained in St. 1902, c. 453, § 4, amending R. L. c. 57, § 91, that "sealers of weights and measures shall cause the provisions of the seven preceding sections to be enforced in their respective cities and towns," it is within the scope of the powers and duties of sealers of weights and measures to institute complaints for violations of the statute in selling coal short in weight; and therefore an offer of money to a sealer of weights and measures to induce him not to institute such a prosecution is bribery of an officer within the meaning of R. L. c. 210, § 6.

Although St. 1907, c. 394, as amended by St. 1911, c. 163, making it a crime to give or to attempt to give false or insufficient weight or measure, is not by its terms an amendment or extension of R. L. c. 57, §§ 83–93, regulating the sale of coal and providing punishments for giving false weight or measure, it is in effect such an amendment and thus is a part of the law relating to the sale of coal.

A deputy sealer of weights and measures, appointed under R. L. c. 62, § 18, by the mayor and aldermen of a city or the selectmen of a town, is a "municipal officer" within the meaning of R. L. c. 210, § 6, providing punishments for bribing or attempting to bribe certain officers.

A deputy sealer of weights and measures is included by the word "sealers" as used

in St. 1902, c. 453, amending R. L. c. 57, § 91, and therefore such a deputy is authorized to make complaints for violations of R. L. c. 57, §§ 83–90, relating to sales of coal; and an offer of money to induce him not to institute a prosecution for such a violation is bribery under R. L. c. 210, § 6.

MORTON, J.  This is an indictment charging the defendant in two counts with an effort to bribe a deputy sealer of weights and measures of the city of Worcester with intent to influence his action in reference to the making of a complaint against the defendant for selling coal short in weight.  There was a general verdict of guilty.  The case is here on the defendant's exceptions to and his appeal from the overruling of a motion to quash, and on his exceptions to the refusal of the presiding judge * to give certain rulings that were requested and to so much of the rulings and instructions given as were inconsistent with those requested.  The motion to quash and the requests for rulings have been treated by the defendant as intended to raise the same questions, and we adopt that view and deal with them accordingly.  The verdict, as already observed, was a general one and both counts were manifestly for the same offense.  The defendant does not argue that the verdict cannot be supported if one of the counts is good.  *Commonwealth* v. *Storti,* 177 Mass. 339.  *Commonwealth* v. *Boston & Maine Railroad,* 133 Mass. 383.  Without meaning to intimate that the first count is bad, it is plain that the second count is good, if a deputy sealer of weights and measures comes within the provisions of the statute.

The indictment was drawn under R. L. c. 210, § 6, which is as follows: "Section 6.  Whoever corruptly gives, offers or promises to a legislative, executive, judicial, county or municipal officer, after his election or appointment, either before or after he has qualified or has taken his seat, any gift or gratuity whatever, with intent to influence his act, vote, opinion, decision or judgment upon any matter, question, cause or proceeding which may be then pending, or which may by law come or be brought before him in his official capacity, or as a consideration for any speech, work or service in connection therewith, shall be punished," etc.

The defendant contends, first, that the indictment does not charge the commission of any crime for the reason, as we under-

* *Ratigan,* J.

stand him, that, assuming without conceding, that a deputy sealer of weights and measures is an "executive" or "municipal" officer within the meaning of the statute, he is not required to make or institute complaints for violations of the statute in regard to the sale of coal and therefore an offer of money to him not to institute a complaint is not and cannot be an offer of money "with intent to influence his act, vote, opinion, decision or judgment upon any matter, question, cause or proceeding which may be then pending, or which may by law come or be brought before him in his official capacity," and does not constitute bribery within the meaning of the statute; secondly, he contends that, assuming again without conceding, that the act charged would constitute bribery at common law, bribery at common law has been superseded by R. L. c. 210, entitled "Of Crimes against Public Justice," which was intended, he argues, to cover the whole subject of bribery except bribery at elections, which is covered by R. L. c. 11, §§ 414, 415.

The provisions of the statute in regard to the sale of coal are found in R. L. c. 57, §§ 83–93, as amended by Sts. 1902, c. 453; 1907, c. 228, and 1910, c. 219; and in St. 1907, c. 394, as amended by St. 1911, c. 163. By R. L. c. 57, § 91, as amended by St. 1902, c. 453, § 4, it is provided, amongst other things, that "Sealers of weights and measures shall cause the provisions of the seven preceding sections to be enforced in their respective cities and towns." This does not in terms make it the duty of sealers of weights and measures to institute complaints for violation of the statute, but it imposes upon them the obligation of seeing that the law is enforced, and for that purpose they are from the nature of the case authorized to take all proper proceedings to detect and punish violators of the law. The making of a complaint for a violation of law is one of the well recognized methods of enforcing the law, and as such is within the scope of the powers and duties of sealers of weights and measures. The fact that in some cases, as in that of a milk inspector, for instance (R. L. c. 56 § 64), it is expressly provided that the inspector shall make complaint does not derogate from the general authority conferred upon sealers of weights and measures by the provision directing them to cause the statute to be enforced, or tend to show that they have not the power to institute complaints.

Although St. 1907, c. 394, as amended by St. 1911, c. 163, is not in terms amendatory of or in addition to R. L. c. 57, §§ 83 *et seq.*, that is its effect, and the enforcement of its provisions as a part of the law relating to the sale of coal comes within the scope of the duties of sealers of weights and measures. It is plain, we think, that a deputy sealer of weights and measures is a "municipal officer" within the meaning of the statute. He is appointed under and pursuant to the provisions of R. L. c. 62, § 18, by the mayor and aldermen or the selectmen, and must be regarded as an officer of the municipality where he is appointed.

We also think that a deputy sealer is authorized to make complaints. He is a sealer of weights and measures though appointed as a deputy, and the word "sealers" in the statute is broad enough to include him. See *Jacobs* v. *Measures*, 13 Gray, 74.

It follows from what we have said that an offer of money to the deputy sealer to influence his act in respect to the making of a complaint against the defendant for selling coal short in weight constituted bribery within the meaning of the statute and was an indictable offense. See also *Commonwealth* v. *Lapham*, 156 Mass. 480.

*Exceptions overruled.*

*G. S. Taft*, (*C. W. Wood* with him,) for the defendant.

*J. A. Stiles*, District Attorney, (*E. T. Esty*, Assistant District Attorney, with him,) for the Commonwealth.