JOHN C. CARR, JUNIOR *vs.* BOARD OF APPEALS OF MEDFORD & others.

Middlesex.    January 5, 1956. — May 3, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Equity Pleading and Practice,* Zoning appeal, Parties, Appeal.  *Zoning. Municipal Corporations,* Officers and agents.

A member of a city council, acting alone or with other members of the council in their individual capacities and not as a body, cannot maintain a suit in equity in the Superior Court by way of appeal under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, from a decision of the city's zoning board of appeals.  [79–80]

An appeal to this court by the plaintiff from the final decree entered in a suit in equity in the Superior Court by way of appeal from a decision of a zoning board of appeals under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, must be dismissed where the plaintiff had no standing to maintain such suit.  [81]

Carr *v.* Board of Appeals of Medford.

BILL IN EQUITY, filed in the Superior Court on January 31, 1955.

The suit was heard by *Morton, J.*

*Lawrence R. Cohen,* (*Albert R. Mezoff* with him,) for the plaintiff John C. Carr, Jr.

*Mark E. Gallagher, Jr.,* City Solicitor, for the board of appeals of Medford and another.

*Israel Bloch,* for the intervener.

SPALDING, J. This bill in equity was brought in the Superior Court by way of an appeal from a decision of the board of appeals of the city of Medford directing the building commissioner to issue a permit for the construction of a drive-in theatre.

The circumstances which gave rise to this proceeding are these. Suburban Drive-In Theatre Corp. (hereinafter called Suburban) is the owner of a tract of land in Medford which is located in a "heavy industrial district." Suburban, which desires to construct a drive-in theatre on the premises, applied to the building commissioner of the city for a building permit. The commissioner, purporting to act under § 11 of the city's building code, referred the application to the city council for approval. At a meeting of the city council held on November 16, 1954, it was voted that the application be denied, and the commissioner was so advised. Thereafter the commissioner denied the application. Suburban then appealed to the board of appeals which, after hearing, reversed the action of the commissioner and directed him to issue the permit.[1] From this decision the mayor and four other members of the city council by way of appeal under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, brought this bill in equity. The members of the board of appeals and the commissioner were named as defendants. Suburban was allowed to intervene as a party defendant. Findings of material facts were made

---

[1] The paper filed with the board of appeals was in the form of an application for a variance but the judge found that this was done by inadvertence and that in substance it was an appeal; it is apparent that the board of appeals also treated the proceeding as an appeal.

by the judge and he ordered a decree to be entered that the board of appeals decision was not in excess of its authority. From a decree entered accordingly the plaintiffs appealed.

After the case had been entered in this court four of the plaintiffs, Dello Russo (the mayor) and Skerry, McDermott and Pompeo (city councillors), presented motions to withdraw as parties plaintiff and these motions were allowed. Hence the only plaintiff now prosecuting the appeal is Carr, a member of the city council.

The defendants contend that the plaintiff Carr has no standing to prosecute the appeal and we think that this contention must be sustained. The statute governing appeals from decisions of the board of appeals provides that "Any person aggrieved by a decision of a board of appeals, whether or not previously a party to the proceeding, or any municipal officer or board, may appeal to the superior court sitting in equity for the county in which the land concerned is situated." It will be noted that the statute makes a distinction between an appeal by a private person on the one hand and one by "any municipal officer or board" on the other. In the former situation the appealing party must be a "person aggrieved," *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427; but there is no such requirement as to appeals by a municipal officer or board. *Planning Board of Reading* v. *Board of Appeals of Reading,* 333 Mass. 657, 662. While the statute does not undertake to limit the right of appeal to any particular class of municipal officer or board it was intimated in the case last cited that a municipal board seeking to appeal under the similarly worded predecessor of § 21 (G. L. [Ter. Ed.] c. 40, § 30, as appearing in St. 1933, c. 269, § 1) must have duties which relate to the subject matter. In that case the appealing municipal board was the planning board of the town and it was held that it had standing to appeal under § 30.

The city of Medford operates under a Plan E charter and the powers and duties of its city council are set forth in G. L. (Ter. Ed.) c. 43, §§ 95–107, inserted by St. 1938, c. 378, § 15, as amended. We assume without deciding that

the city council acting as a body is a board within the meaning of c. 40A, § 21, and that its duties relate to the building code and zoning to such an extent that it would have standing to prosecute this appeal. But that is not the situation here. The city council never appealed as a body. Rather some of its members attempted to do so. And now, as stated above, only one member of the council remains as a party plaintiff. He argues that he may prosecute the appeal because he is a "municipal officer" within the meaning of § 21. We assume that he is a municipal officer. But, as in the case of a board, we are of opinion that the right of appeal must be limited to such municipal officers as have some duties to perform in relation to the building code or zoning. Such a person would be the building commissioner or the city manager, and there may be others. A different construction would lead to absurd results. There are many public officers of a city or town who could be classed broadly as municipal officers but it is hardly conceivable that the Legislature could have intended to give them the right to appeal from decisions of the board of appeals. Persons who might come within this classification are sealers of weights and measures (*Commonwealth* v. *Hunt*, 216 Mass. 126), commissioner of soldiers' relief (*Commonwealth* v. *Dowe*, 315 Mass. 217), assessors (*Rossire* v. *Boston*, 4 Allen, 57), firemen (*Gregoire* v. *Lowell*, 253 Mass. 119, 121), police officers (*Hathaway* v. *Everett*, 205 Mass. 246), and superintendent of streets (*Ryder* v. *Taunton*, 306 Mass. 154). Other examples may be found in *Commonwealth* v. *Dowe*, 315 Mass. 217, 222–224, which contains an illuminating discussion by Lummus, J., on the subject of public and municipal officers. To interpret the statute as giving the right of appeal to such officers would greatly impair the effective operation of the statute. We hold, therefore, that the plaintiff Carr as a member of the city council has no such interest in the subject of the city's building code or zoning ordinances that he can, acting alone or with other members of the council in their individual capacity and not as a body, maintain an appeal under § 21.

We are mindful that among those originally appealing was Dello Russo, the mayor of the city, and that the trial judge ruled that he was a municipal officer within the meaning of § 21. We assume, without deciding, that this ruling was correct but it does not aid the plaintiff Carr, for Dello Russo has withdrawn as a party plaintiff. Carr's right to proceed in this court obviously depends on his right to appeal to the Superior Court. Since, as we hold, he had no such right, his appeal here must fail. In view of this conclusion we do not reach the merits.

*Appeal dismissed.*