427 Mass. 699 (1998) 699

Planning Board of Marshfield *v.* Zoning Board of Appeals of Pembroke.

## PLANNING BOARD OF MARSHFIELD *VS.* ZONING BOARD OF APPEALS OF PEMBROKE & another.[1]

Plymouth. May 5, 1998. - June 16, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Jurisdiction,* Zoning. *Zoning,* Jurisdiction, Appeal to board of appeals, Person aggrieved. *Planning Board. Municipal Corporations,* Planning board. *Practice, Civil,* Standing, Zoning appeal. *Words,* "Person aggrieved," "Party in interest."

A municipal planning board did not have standing under G. L. c. 40A, § 17, to challenge a zoning decision by another town's zoning board of appeals governing land in an adjacent town, where the planning board had no duties relative to the subject matter [701-702]; moreover, that the planning board was a "party in interest" entitled to notice under G. L. c. 40A, §§ 11 & 15, did not confer standing on the planning board to appeal the zoning board's decision [702-703].

CIVIL ACTION commenced in the Superior Court Department on March 31, 1992.

The case was heard by *Gerald F. O'Neill, Jr.,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Robert L. Marzelli* for the plaintiff.

*J. Gavin Cockfield* for G. Stephen Miers.

ABRAMS, J. At issue is whether the planning board of one town has standing to obtain judicial review of a decision of the zoning board of an adjacent town. After a bench trial, a judge in the Superior Court affirmed a decision of the zoning board of appeals of Pembroke (zoning board) on the ground that the planning board of Marshfield (planning board) lacked standing to challenge the decision. We granted the planning board's application for direct appellate review. We agree with the judge that Marshfield's planning board did not have standing. Therefore, we conclude, as did the Superior Court judge, that it

[1] G. Stephen Miers, trustee of Evets Realty Trust.

lacked subject matter jurisdiction. Accordingly, we vacate the judgment and direct that the complaint be dismissed.

We set forth the facts which are not in dispute. The planning board is the municipal board of Marshfield that is concerned with issues of zoning, traffic access, land use planning, and watershed protection in that town. It regularly proposes changes to the Marshfield zoning bylaw to address planning needs identified by it. It is the special permit granting authority under the Marshfield zoning bylaw for the water resource protection district created by that bylaw.

Route 139 is the primary means of access to and egress from Marshfield. Route 3, the principal highway connecting the south shore with the rest of the Commonwealth, divides the town of Pembroke with ninety per cent of the town to the west and ten per cent to the east. Marshfield lies completely to the east of Route 3 with one access, Route 139, to the principal highway. Development of the small section of Route 139 lying between the Marshfield-Pembroke town line and Route 3 in Pembroke has the potential to affect the concerns addressed by the Marshfield zoning bylaw and will have a greater impact on the health, safety, and general welfare of the inhabitants of Marshfield than on their counterparts in Pembroke.

The defendant trustee, G. Stephen Miers, owns a parcel of land located on Route 139 in Pembroke adjacent to Marshfield.[2] Miers proposes building a ten-screen, 1,600-seat cinema complex on this land (project). The portion of Route 139 where the project is proposed is within a few hundred feet of the interchange between that road and Route 3. To develop the project, Miers required a special permit and site plan approval, as well as a variance because the site contains sixty-four fewer parking spaces than are required by the Pembroke zoning bylaw. The zoning board granted the special permit, site plan approval, and variance in the decision that the planning board now seeks to challenge. The planning board has no duties relative to zoning requirements for traffic. The planning board has special permit duties as to uses within a water resource protection district, but water is not an issue in this case. Neither the proposed use nor the lack of parking spaces would affect Marshfield's water supply.

The judge acknowledged the planning board's evidence that

---

[2]The other defendant, the zoning board, has not filed a brief. We are advised that the zoning board is relying on Miers's argument.

the project would affect traffic flowing to and from Marshfield on Route 3 but stated that he found this evidence unconvincing because the planning board's expert failed to do traffic counts or to consider traffic improvements on Route 139. The judge also acknowledged the planning board's claims of traffic "back-up on the site, police officers paid by the theater owner unduly prioritizing theater traffic, and conflict with a signalized intersection," but found no evidence to support these claims. The judge concluded that the planning board had no standing as a "person aggrieved" or as a "municipal officer or board" under G. L. c. 40A, § 17.

The planning board argues that it does have standing as a municipal board within the meaning of the statute.[3] We disagree.

General Laws c. 40A, § 17, provides that "any municipal officer or board may appeal" a decision of a zoning board of appeals without showing that its interests are harmed by the decision. See *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 493 (1989). The statute contains no language of limitation and, if taken literally, would appear to sweep very broadly. However, construing the similarly worded predecessor to § 17, we said: "There are many public officers of a city or town who could be classed broadly as municipal officers but it is hardly conceivable that the Legislature could have intended to give them the right to appeal from decisions of the board of appeals. . . . To interpret the statute as giving the right of appeal to such officers would greatly impair the effective operation of the statute." *Carr* v. *Board of Appeals of Medford*, 334 Mass. 77, 80 (1956). We concluded that the right of appeal was limited to municipal officers who had duties to perform in relation to the building code or zoning. *Id.* See *Planning Bd. of Springfield* v. *Board of Appeals of Springfield*, 338 Mass. 160, 163 (1958) (*Springfield*); *Planning Bd. of Reading* v. *Board of Appeals of Reading*, 333 Mass. 657, 662 (1956) (*Reading*). We continue to be of this view. Section 17, like its predecessor, grants standing only to "municipal officer[s] or board[s]" that have duties to perform in relation to the building code or zoning. Planning boards do have such duties. See *Springfield, supra*; *Reading, supra*.

This, however, is not the end of the inquiry. In each of the cases cited above, the plaintiff was a city council member or a

---

[3] The planning board concedes that it does not have standing as a "person aggrieved."

planning board in the same municipality as the subject land. We have not yet considered the situation where a planning board challenges a zoning decision governing land in an adjacent town. The planning board, whatever its duties with respect to zoning in Marshfield, has produced no evidence that it has duties with respect to zoning in Pembroke. We think this makes a difference.

The § 17 grant of standing to municipal officers and boards is exceptional in that it does not require any showing of injury to a legally protected interest. We think the provision must be construed narrowly so as to minimize the class of parties who have suffered no legal harm, yet "can compel the courts to assume the difficult and delicate duty of passing upon the validity of the acts of a coordinate branch of government." *Ginther* v. *Commissioner of Ins.*, *ante* 319, 322 (1998), quoting *Tax Equity Alliance* v. *Commissioner of Revenue*, 423 Mass. 708, 715 (1996). We do not believe the Legislature intended § 17 to grant standing to the planning board of one town to challenge a decision of another town's zoning board.

Moreover, in *Carr*, *supra* at 79, interpreting *Reading*, *supra* at 662, we stated that "a municipal board seeking to appeal . . . must have duties which relate to the subject matter." The subject matter of this case is not zoning generally, but zoning in Pembroke, more specifically, the Pembroke zoning bylaw's application to a project to be developed in Pembroke. The planning board therefore has no duties relating to the subject matter of this case.

Finally, we reject the planning board's argument that, because it is a "party in interest" with a right to notice of hearings and of zoning appeal decisions, see G. L. c. 40A, §§ 11, 15, it has standing to challenge those decisions. The term "party in interest," defined in § 11 and used in § 15, does not appear in the standing provisions of § 17. The Legislature apparently did not intend to grant the right of appeal to all "parties in interest." See *Ginther*, *supra* at 324 (where Legislature uses different language in different parts of same statute, it intends different meanings). We also reject the planning board's contention that it can represent the interests of Marshfield residents. The planning board has shown no reason why Marshfield residents, if they are "person[s] aggrieved" within the meaning of § 17,

cannot represent themselves.[4] We conclude that G. L. c. 40A, § 17, grants standing only to those municipal boards that have duties relating to the building code or zoning within the same town as the subject land. Because the planning board has no such duties in Pembroke, it does not have standing.

Although we agree with the judge's conclusion that the planning board lacks standing to obtain judicial review of the zoning board's decision, we differ as to the proper disposition of this case. Standing is an issue of subject matter jurisdiction. *Ginther, supra* at 322. Because the planning board lacks standing, the judge should have dismissed the planning board's complaint for lack of subject matter jurisdiction rather than affirmed the zoning board's decision.

The judgment is vacated, and the case is remanded to the Superior Court for entry of a judgment dismissing the complaint.

*So ordered.*

---

[4]The planning board argues that it is attempting to assert not the private rights of Marshfield property owners, but the Marshfield residents' "public rights" of the sort considered in *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 495-496 (1989). In that case, however, the Appeals Court concluded that "a general civic interest in the enforcement of zoning laws . . . is not enough to confer standing." *Id.*, citing *Amherst Growth Study Comm., Inc.* v. *Board of Appeals of Amherst*, 1 Mass. App. Ct. 826, 827 (1973). Harm to such an interest is thus not an injury sufficient to give rise to standing.