van Gestel, J.
The plaintiff, Ruth Hobeika (“Hobeika”), filed this action pursuant to G.L.c. 40A, §17, challenging a decision filed by the Cambridge Board of Zoning Appeal (“BZA”) on July 3, 1997, which granted Hong Liu (“Liu”) a variance allowing her to rent rooms to guests at “A Friendly Inn” (“Inn”) on a short and long term basis. The matter is now before the court on cross-motions for summary judgment. For the reasons set forth below, plaintiffs motion for *409 summary judgment is DENIED and defendants’ motion is ALLOWED.
BACKGROUND
The following undisputed facts are obtained from the affidavits and other materials provided by the parties in connection with the cross-motions for summary judgment.
The defendant, Liu, owns and operates “A Friendly Inn” which is located at 20 Irving Street/1671-1673 Cambridge Street in Cambridge, Massachusetts. The Inn is comprised of seventeen rooms and has been operating as a licensed lodging house or rooming house rented for extended occupancy since 1925.
The Inn is located in a Residence B zoning district which permits only one and two-family residences. Prior to the down-zoning of the neighborhood to a Residence B zoning district in 1978: the area was zoned C-l where nonfamily accommodations such as lodging houses / rooming houses and hotels/inns were allowed. The Inn became a legal preexisting nonconforming use as a long-term lodging house in connection with the down-zoning.
In April 1996, the Cambridge Inspectional Services Department (“CISD”) received various neighbor complaints concerning a potential violation of the zoning ordinance by the Inn. The complaints alleged that the Inn was operating as a Bed-and-Breakfast in violation of the Inn’s preexisting nonconforming use as a long-term lodging house and in violation of the Residence B zoning ordinance.
On March 11, 1997, CISD issued a decision finding that the Inn was operating in violation of its preexisting nonconforming status. CISD determined that the Inn’s allowable use was as an extended occupancy lodging house or rooming house and that short term lodging or Bed-and-Breakfast use were in violation of the zoning ordinance. CISD ordered the Inn to cease and desist the use of the property for short term inn or hotel type use. CISD further warned that failure to comply with the order could result in the abandonment of the Inn’s preexisting nonconforming use.
Liu appealed the CISD decision to the Cambridge Board of Zoning Appeals (“Board”) and, at the same time, applied for a variance that would permit her to rent rooms at the Inn on a short-term basis. The Board sent a “Notice of Public Hearing” to all parties in interest pursuant to G.L.c. 40A, §11.[3] The notice invited the parties in interest to attend the hearing to express their opinion in favor or in opposition to the petition.
At the hearing, the Board heard testimony and viewed the materials submitted regarding the appeal and variance application. In a decision filed on July 3, 1997, the Board upheld CISD’s finding that the allowable use of the Inn was as an extended occupancy lodging house and that short-term lodging was not a permitted use. The Board also voted unanimously to grant the Inn a variance to use the property as a Bed-and-Breakfast on condition that (1) at least two of the seventeen rooms be dedicated to stays of more that two weeks; (2) no more than seventeen rooms be dedicated to short term Bed-and-Breakfast use as currently exists; (3) commercial deliveries by outside vendors to the site for provisions and any other items will only occur on Cambridge Street; and (4) taxi cabs and any other commercial vehicles delivering lodgers only come on Cambridge Street.
The plaintiff appealed the Board’s decision granting the Inn the variance alleging that it was arbitrary and capricious, exceeded the authority of the Board and was without basis of law or fact.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved, summary judgment shall be granted to the party entitled to judgment as a matter of law.” Cassesso, supra at 422.
Hobeika filed this complaint pursuant to G.L.c. 40A, §17 which grants standing to a municipal officer or board or to any person aggrieved by a decision of the Zoning Board of Appeals to bring an action in the Superior Court challenging such decision. Unless brought by a municipal officer or board, status as an “aggrieved person” is a jurisdictional prerequisite for a court to consider a zoning appeal. See Bavernick v. Board of Aldermen of Newton, 33 Mass.App.Ct. 129, 131 (1992). An action brought by a person who lacks standing under G.L.c. 40A, §17 must be dismissed for lack of subject matter jurisdiction. See Planning Board of Marshfield v. Zoning Board of Appeals of Pembroke, 427 Mass. 699, 703 (1998).
To qualify as an aggrieved person, Hobeika must show that she has suffered a special injury, different from any injury suffered by the rest of the community, caused by the BZA’s decision to grant Liu the variance. See Bavernick v. Board of Aldermen of Newton, supra, 33 Mass.App.Ct. at 132. She must show that “.. . [her] legal rights have been, or likely will be, infringed or [her] property interests adversely affected.” Id. Hobeika must establish this “by direct facts and not by speculative personal opinion.” Id. Because Hobeika is not a “party in interest” as defined in G.L.c. 40A, § 11,[4] she is not entitled to the presumption that she is an aggrieved party with standing to bring the present action. See Watros v. Greater Lynn Mental Health & Retardation Association, Inc., 421 Mass. 106, 111 (1995). Thus, Hobeika’s aggrieved person status must be decided on the basis of all the evidence. Bavernick *410 v. Board of Aldermen of Newton, supra, 33 Mass.App.Ct. at 131.
Hobeika asserts that she has suffered tangible harm by the Board’s action in granting Liu the variance allowing short term room rentals at the Inn. She alleges that her property has been adversely affected by increased traffic and parking problems on Irving Street as well as by the commercialization of her neighborhood. Hobeika claims that such harm to her property is sufficient to entitle her to “aggrieved person” status under G.L.c. 40A, §17. This Court finds Hobeika’s argument unpersuasive.
Hobeika has not provided the Court with sufficient credible evidence to substantiate claims of injury to her legal rights. See Marashlian v. Zoning Board of Appeals of Newburyport, 421 Mass. 719, 723 (1996). Her claims of harm are speculative at best and do not entitle her to aggrieved party status. See Harvard Square Defense Fund, Inc. v. Planning Board of Cambridge, 27 Mass.App.Ct. 491, 494 (1989).
First, Hobeika’s fear of increased flow of traffic on Irving Street was considered by the Board at the time of the hearing on the petition for the variance. The Board addressed this concern by allowing the variance on the condition that all commercial deliveries to the Inn and all taxis used by the Inn’s guests occur on Cambridge Street. Further, the evidence presented to this Court shows that short-term lodgers generally rely on public transportation and do not contribute to the traffic and congestion on Irving Street.
Second, Hobeika’s fear of unavailability of parking on Irving Street is also speculative and unsupported by the evidence presented to this Court. Whereas long-term lodgers may be eligible to obtain a resident parking sticker from the Cambridge Traffic and Parking Department, short-term lodgers, which is what the variance allows, are not entitled to obtain them. Thus, they do not contribute to the loss of parking spaces on Irving Street where parking is by sticker only. The residents from Irving Street have a legal recourse against these short-term lodgers if they do park on the street without a sticker. See Harvard Square Defense Fund, Inc. v. Planning Board of Cambridge, supra, 27 Mass.App.Ct. at 494.
Lastly, Hobeika’s claim of harm deriving from the commercialization of Irving Street does not bring her within the zone of standing. The commercialization of Irving Street is a matter of public concern that was appropriately considered by the Board. Id. at 493.
Hobeika has not shown that she has suffered a special injury, different from any injury suffered by the rest of the community, caused by the Board’s granting the variance to the Inn and is, therefore, not entitled to standing as an “aggrieved person” under G.L.c. 40A, §17. Therefore, this case must be dismissed for lack of subject matter jurisdiction. See Planning Board of Marshfield v. Zoning Board of Appeals of Pembroke, supra, 427 Mass. at 703.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for summary judgment is DENIED and the defendant’s motion for summary judgment is ALLOWED. Consequently, this case is DISMISSED.

 General Laws c. 40A, §11 states that ’’ ‘[pjarties in interest' as used in this chapter shall mean the petitioner, abutters, owners of land directly opposite on any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner . . .”

 General Laws c. 40A, §11 states that “ ‘[pjarties in interest’ as used in this chapter shall mean the petitioner, abutters, owners of land directly opposite on any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner . . .”