Brassard, J.
The plaintiff, the Wakefield Historical Commission (the “Commission”) is appealing a decision pursuant to G.L.c. 40A, §17 made by the Wake-field Zoning Board of Appeals (the “Board”) to grant the defendant, Nextel Communications of the Mid-Atlantic (“Nextel”), a variance from Section 190-86.A.4. of the town zoning by-laws. Nextel moves for summary judgment contending that the Commission lacks standing to bring this action because it is neither an aggrieved person nor a municipal board pursuant to G.L.c. 40A, §17. In opposition, the Commission contends that it has standing because it is a municipal board that performs duties in relation to the building code or zoning. After a hearing and careful review of the papers, Nextel’s motion is DENIED.
BACKGROUND
From July 2000 until October 2000 the Board conducted several sessions of a public hearing regarding Nextel’s application for a special permit to construct and operate a wireless communications tower on property located at 380 Main Street in Wakefield, Massachusetts (the “property”) owned and controlled by HPM Realty Trust. Nextel’s application also sought a variance from the distance limitations set forth in § 190-86.A.4 of the Wakefield Zoning By-Laws pertaining to historic sites. The Commission had previously designated the property as a historic site within the Town of Wakefield.
The Board in a decision dated January 2, 2001 approved the special permit and variance. The variance provided that:
To the extent that the proposed facility lies within 250 feet of a historical site or an archeologically-significant site, and to the extent necessary to permit the construction, operation and maintenance of the cupola, equipment cabinet and associated wiring and improvements, the 250-foot limitation is varied.
The Commission filed its complaint, pursuant to G.L.c. 40A, §17 on January 22, 2001. The court now has before it Nextel’s motion for summary judgment on the ground that the Commission lacks standing to bring this action.
DISCUSSION
General Laws c. 40A, § 17 provides in pertinent part that:
Any person aggrieved by a decision of the board of appeals or any special permit granting authority . . . whether or not previously a party to the proceeding, or any municipal officer or board may appeal to . . . the superior court department... by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk.
The right of appeal is limited to a municipal board that has duties relating to the building code or zoning within the same town as the subject land. See Planning Board of Marshfield v. Zoning Board of Appeals of Pembroke, 427 Mass. 699, 701 (1998). Furthermore, a municipal board seeking to appeal must have duties which relate to the subject matter of the disputed zoning relief. Id. at 702.
Nextel maintains that the Planning Board of Wake-field and the Board itself are the only municipal boards that have duties relating to the building code or zoning within the Town of Wakefield. Moreover, Nextel argues that the Commission’s duties are limited to those outlined in G.L.c. 40, §8D, which provides that the Commission is to assist with the “preservation, protection, and development of the historical or archeological assets” of Wakefield. See G.L.c. 40, §8D. According to Nextel, these duties merely give the Commission a general civic interest in the enforcement of the zoning by-law, which is insufficient to confer standing. See Waltham Motor Inn v. LaCava, 3 Mass.App.Ct. 210, 218 (1976).
In opposition, the Commission argues that it has standing as a municipal board because it has duties relating to zoning in Wakefield. Specifically, the chairperson of the Commission, Nancy L. Bertrand, submitted an affidavit in which she states that the Commission: (1) designates historic sites in the Town, (2) designates historic districts in the Town, (3) has regular contact with the Town’s Planning Board, Building Inspector, and Zoning Administrator, and (4) has conducted public hearings on building code and zoning issues as they relate to demolition issues.
This court concludes that the Commission does have duties with respect to zoning in Wakefield. Indeed, as this case illustrates, the Commission’s deci *550 sions regarding the designation of historical sites have a direct effect on zoning and building within the Town. The subject matter of this case is the Board’s decision to grant a variance to the by-law provision precluding construction of any component of the facility at issue if it takes place within 250 feet of the historical site. Thus, the Commission has standing as a municipal board under G.L.c. 40A, §17.[2]
ORDER
For the foregoing reasons, Nextel’s motion for summary judgment is DENIED.

 The court rejects the Commission’s argument that it is an aggrieved person. Within the zoning context, a “person aggrieved" must be someone who can assert a plausible claim, of private right, private property interest, or private legal interest. See Commonwealth v. Dowd, 37 Mass.App.Ct. 164 (1994). Here, the Commission does not have a private interest in the property, and thus, it is not an aggrieved person.