Curran, Dennis J., J.
The plaintiff Board ofTrustees of the Old Stone Bridge Acres Condominium Trust (“Board” or “plaintiff’), brought this suit for damages against the defendants Richard E. Terrill, individually and in his capacity as trustee for the Longview Realty Trust, Lawrence J. Doane, and Paul J. Beattie (collectively, “defendants”), alleging negligent construction. This matter is before the court on the defendants’ motion to dismiss for lack of standing or to compel arbitration and stay proceedings.
For the reasons discussed below, the defendants’ motion is hereby DENIED.
*450 BACKGROUND
The plaintiff is composed of the majority of the Board of Trustees for the Old Stone Bridge Acres Condominium Trust,[2] which manages a residential condominium in Bellingham, Massachusetts. The developer appointed the defendants as the three original members of the Board. Defendants Terrill and Beattie each resigned as trustee at a predetermined time set forth in the original Declaration of Trust.
When the Declaration of Trust was first established, it limited the Board’s ability to sue on behalf of the unit owners. Section II(o) provided, in relevant part, that “the Trustees are prohibited from prosecuting lawsuits against . . . any party unless ninety percent (90%) of the unit owners consent to such lawsuit. . . [T]he Condominium Trust [is] prohibited from prosecuting lawsuits against the Developer unless the . . . Trust has pursued [its] claim through a final decision with the American Arbitration Association . . .” Based on this provision, the defendants have filed a motion to dismiss the suit or, in the alternative, to stay the proceedings and compel arbitration. However, the Board claims that it amended Section II(o) in the Declaration of Trust to eliminate the prerequisites to litigation.
DISCUSSION[3]
I. Standing to Prosecute the Action
Standing is an issue of subject matter jurisdiction. Sullivan v. Chief Justice for Administration & Management of the Trial Court, 448 Mass. 15, 21 (2007), citing Planning Board of Marshfield v. Zoning Board of Appeals of Pembroke, 427 Mass. 699, 703 (1998). A plaintiff has standing where he is able to establish that the defendant’s action has caused him injuiy. Id., quoting Slama v. Attorney General, 384 Mass. 620, 624 (1981). However, the Legislature specifically granted standing to condominium associations by empowering them to “conduct litigation . . . involving the common areas and facilities.” G.L.c. 183A, § 10(b) (4). The Supreme Judicial Court has construed this statute as allowing a condominium association to represent the unit owners in litigation related to the construction of the individual units. Cigal v. Leader Development Corporation, 408 Mass. 212, 217-18 (1990).
The defendants’ claim that the Board lacks standing to pursue the instant claim is based upon Article III, §2(o) of the Declaration of Trust for the Old Stone Bridge Acres Condominium Trust (“Declaration of Trust”) which was executed by the defendants on December 2, 2002. This article reads, in relevant part, “[T]he trustees are prohibited from prosecuting lawsuits against . . . any party unless ninety percent (90%) of the unit owners consent to such lawsuit.” The Board asserts that the Declaration of Trust was properly amended on May 31, 2006 and that the amended Declaration of Trust does not require unit owner approval before initiating a lawsuit. The question then becomes whether the original Declaration of Trust empowered the Board to amend the terms with approval from a majority of the unit owners.
Article XIII, § 1 of the Declaration of Trust grants the Board authority to “amend, alter, add to, or change” the Declaration, provided that it obtains “the consent in writing of Unit Owners entitled to more than fifty percent (50%) of the beneficial interest thereunder ...” An amendment becomes effective once it has been recorded with the Norfolk Registiy of Deeds. The Declaration lists circumstances under which the Board would need a supermajority of sixty-seven (67) percent before passing an amendment, however, Section 2(o) is not among them. The Board has submitted documentation containing written consent from fifty-two (52) unit owners. In their motion to dismiss, the defendants indicate that Stone Bridge Acres is comprised of eighty-eight (88) units.[4] Therefore, the defendants have failed to show that the plaintiffs lack standing to bring this suit and their motion to dismiss must be denied.
II. The Validity of the Arbitration Clause
This lawsuit was filed on October 30, 2006. The Board amended the Declaration of Trust, with the approval of a majority of the Unit Owners, on May 31, 2006. At that time, the provision calling for the settlement of disputes by arbitration was removed from the Declaration of Trust. Because the Declaration did not contain an arbitration clause when the Board filed this lawsuit, the Board cannot be bound by the original clause. The prior existence of an arbitration agreement does not justify dismissal of the suit. Therefore, the Board is not required to submit this matter to arbitration, and the lawsuit may proceed.
ORDER
Based on the foregoing reasons, it is hereby ORDERED that the defendants’ motion to dismiss or to stay proceedings and compel arbitration is DENIED.

The remaining member of the Board is defendant Lawrence J. Doane.

The court has discretion to treat a motion to dismiss for lack of subject matter jurisdiction as a motion for summary judgment if the parties submit materials outside the pleadings for consideration, Bell v. Zoning Board of Appeals of Gloucester, 429 Mass. 551, 555 (1999), however, the courtis not required to do so, Watros v. Greater Lynn Mental Health & Retardation Association, 421 Mass. 106, 108-09 (1995).

The plaintiff has indicated that there are currently ninety-two (92) units in twenty-three (23) buildings. Because the plaintiffs have acquired more than fifty (50) percent of the required signatures, regardless of which number is correct, this discrepancy is not material.