Wilkins, Douglas H., J.
This professional negligence and c. 93A case raises issues of bankruptcy law that control the standing of the plaintiff, Victorian Stables, Inc. (“Victorian”) to maintain this action against defendant, Attorney James P. Ehrhard (“Ehrhard”) and Ehrhard & Associates, P.C. (“Firm”). The defendants have filed a Motion for to Dismiss Pursuant to Mass.R.Civ.P. 12(B)(1) and (6) for lack of jurisdiction and failure to state a claim (“Motion”). Victorian opposes the Motion. After hearing, the Motion is ALLOWED on jurisdictional grounds.
BACKGROUND
The facts apparent from the Complaint and from additional materials admissible on the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction (see Callahan v. First Congregational Church of Haverhill 441 Mass. 699, 710 (2004)), show the following.
Victorian became the subject of a Chapter 12 bankruptcy proceeding in the spring of 2007. It retained Ehrhard as bankruptcy counsel, who filed a voluntary petition under Chapter 12 in the Bankruptcy Court on its behalf. The Bankruptcy Court authorized Ehrhard’s professional services on July 16, 2007. As part of a plan of reorganization, Ehrhard suggested to Victorian that it needed a tenant to operate its property and generate income from which it could pay its debts. Victorian found a tenant, filed a motion to approve the lease agreement on December 7, 2007 and filed an amended plan on December 20, 2007, proposing to lease its property to Suzanne Lundergan (“Lundergan”).
After hearings on February 4, and 8, 2008, the Bankruptcy Court approved the lease, over objections. The plan failed when Lundergan terminated the lease, for reasons that appear disputed. Because Victorian could not meet its payment obligations under the plan, the first mortgagee of the property successfully moved for relief from the bankruptcy stay to proceed with foreclosure. On August 16, 2008, Victorian’s property was sold at auction. The Bankruptcy Court terminated the bankruptcy proceeding on July 7, 2009.
Victorian filed this case on August 8, 2011. It alleged that Ehrhard committed legal malpractice during the bankruptcy, primarily because of alleged deficiencies in Ehrhard’s preparation for and actions during the February 4, 2008 hearing. The alleged negligent acts and omissions all occurred during Ehrhard’s representation of Victorian during the bankruptcy. Victorian never disclosed the existence of its legal malpractice claims against Ehrhard during the bankruptcy proceeding. It never amended its schedules to include the claims against Ehrhard as an asset subject to Bankruptcy Court jurisdiction. Accordingly, the Bankruptcy Trustee never administered or abandoned those claims.
On March 21, 2012, Victorian filed a motion to reopen the bankruptcy case under Section 350(b) of the Bankruptcy Code and Rule 5010, along with a motion to compel the Trustee to administer or formally abandon the claims. At a hearing in the Bankruptcy Court on May 3, 2012, the Court denied the motion to reopen the case and declared moot the motion to administer or abandon the claim/asset of the estate, stating:
[W]hat I find we have here is a debtor who had within its power and should have disclosed this asset during the case when the asset arose, did not do so for better or worse, and now that the defendant in the state court action has raised the standing issue wants to come in here and disclose it and then take it back because it’s too late for the Trustee to administer it. That strikes me as inequitable and rewarding a debtor who should have disclosed this when it arose and didn’t do so for her failures and I’m not prepared — for its failures and I’m not prepared to do that.
Victorian moved for reconsideration, which the Bankruptcy Court also denied.
DISCUSSION
I.
The lack of standing is a jurisdictional defect, which a defendant may challenge by a motion to dismiss under Mass.R.Civ.P. 12(b)(1). Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998); Planning Bd. of Marshfield v. Zoning Bd. of Appeals of Pembroke, 427 *410 Mass. 699, 703 (1998). To establish standing, “a litigant must show that the challenged action has caused the litigant injury.” Perella v. Massachusetts Turnpike Auth., 55 Mass.App.Ct. 537, 539 (2002). The defendants ask the court to apply these basic principles to the present circumstances, where the plaintiff seeks to recover for harm to the bankruptcy estate.
The plaintiff does not contest that this action is an asset of the bankruptcy estate. See 11 U.S.C. §1207(a)(1) (“Property of the estate includes ... (1) all property of the kind specified in [§541] that the debtor acquires after the commencement of the case but before the case is closed . ..”). The asset was not listed on the debtor’s schedules, abandoned by the trustee or the subject of an order allowing Victorian to prosecute this case in this court. See In Re The Victorian Stables, Inc., Bkrptcy. No. 07-42331 (D.Mass. (Worcester)).
Bankruptcy law is clear that, in the absence of action by the trustee or a court order,' listing an asset on the debtor’s schedules is a prerequisite to abandonment. 11 U.S.C. §554 provides:
(a) After notice and a hearing, the trustee may abandon any properly of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
(c) Unless the court orders otherwise, any properly scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.
“Under this provision, property of the debtor that is not listed in its schedules [footnote omitted) and not abandoned pursuant to notice and a hearing may not be abandoned except by order of the Court.” In Re Arista Devices Corp v. Dearn Associates, 94 B.R. (E.D.N.Y 1988), quoting 4 Collier on Bankruptcy ¶554.03 at 554-11 (15th ed. 1988) (“Abandonment presupposes knowledge. There can, as a rule, therefore, be no abandonment by mere operation of law of property that was not listed in the debtor’s schedules or otherwise disclosed to the creditors”).
Victorian maintains that it can proceed here even though the lawsuit is property of the bankruptcy estate. It asserts that “it would be manifestly unfair to allow this matter to remain outstanding indefinitely and not be properly managed or abandoned to the Plaintiff.” Supplementaiy Memorandum to Objection of plaintiff to motion of Defendants to Dismiss the Complaint (“Pl.Supp.Mem.’j at 3, citing In re Dunning Brothers Company, 410 B.R. 877 (2009). The Dunning case supports this assertion, but adopts a different remedy: reopening the bankruptcy case “to deal with unscheduled property that has not heretofore been either administered or abandoned.” Id. at 890. The bankruptcy court’s power to address the unfairness does not imply that this court has similar equitable powers in present circumstances. It strongly suggests the opposite. After all, one of the “[c]ritical features of every bankruptcy proceeding” is “the exercise of exclusive jurisdiction over all of the debtor’s property . . .” Central Va. Community College v. Katz, 546 U.S. 356, 363-64 (2006). “Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate ...” Celotex Corp. v. Edwards, 514 U.S. 300, 308, quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (1984), and H.R. Rep. No. 95-595, pp. 43-48 (1977).
The Bankruptcy Court has already exercised its discretion and rejected Victorian’s attempts to regain control over the asset represented by this lawsuit. In light of the above authority and the bankruptcy’s court’s “exclusive jurisdiction,” this court lacks equitable power to allow the plaintiff to proceed with this case. See Truver v. Fall River Trust Company, 6 Mass.App.Ct. 951 (1978) (rescript) (applying now-superseded 11 U.S.C. 110(a)(6)). Seeking to avoid that conclusion, Victorian cites Johnson v. Best Manufacturing Co., 263 So.2d 436, 439 (La.Ct.App. 1972) (“Despite our ruling that the instant action is a property right which vested in the trustee in bankruptcy appointed to represent the plaintiffs estate, we are obliged to recognize that it is discretionary with the Referee in bankruptcy as to whether or not he shall give the Trustee the mandate to prosecute any pending litigation or permit the plaintiff to continue it, advising the Trustee at the time of judgment as to its outcome”). Johnson is not persuasive here. Even apart from its reliance on statutes that preceded the Bankruptcy Reform Act of 1978 (and the Bankruptcy Amendments and Federal Judgeship Act of 1984),[1] the debtor in Johnson “listed the instant action on his schedule of assets” in the Bankruptcy Court. Id. at 437. The Johnson case is therefore consistent with the rule applied in this case.
Even if this court had equitable authority to allow prosecution of this suit, it would decline to do so in the face of the bankruptcy court’s rulings as they now stand.[2] Comity between this court and the bankruptcy court weighs against the plaintiff. The bankruptcy court is better positioned and has greater expertise to make the equitable judgments necessary to address the problems raised by unadministered and unscheduled assets. The federal district and appeals courts are the appropriate fora in which to address whether to apply a rule that “in deciding to reopen a case, the *411 bankruptcy court should do no more than determine that there is bankruptcy business to be done.” Dunning, 410 B.R. at 887. Moreover, this court is not inclined to second guess the bankruptcyjudge’s ruling that allowing the plaintiff to proceed would be inequitable and would reward Victorian’s failure to list this lawsuit as a scheduled asset in bankruptcy.
II.
In the event of an appeal, or a subsequent Rule 60(b) motion, it may be useful for the Court to address the defendant’s Rule 12(b)(6) argument. That portion of the Motion raises only the question whether the facts alleged in the complaint plausibly show that Victorian is entitled to relief. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). “Factual allegations must be enough to raise a right to relief above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Iannacchino, 451 Mass. at 555.
Here, the complaint adequately alleges facts plausibly showing entitlement to relief on a professional negligence theory. Apart from standing, the defendants principally argue their statute of limitations defense. This case was brought within three years of August 18, 2008, the alleged date on which the cause of action accrued. If the federal courts authorize Victorian to bring this suit, it is possible to vacate the judgment in this case under Mass.R.Civ.P. 60(b) and to amend the complaint in a manner that may relate back to the date on which Victorian filed this action. See Mass.R.Civ.P. 15(c). That would raise the difficult question whether an action brought by a debtor who had not yet obtained authority to proceed could be validated by a subsequent order of the bankruptcy court (and whether it matters if the federal order is nunc pro tunc). The parties cite no authority on that point. Because that question is hypothetical, the court will not speculate about facts and orders that have not occurred and may never occur. The court therefore declines to grant the Motion on Rule 12(b)(6) on statute of limitations grounds.
CONCLUSION
The Defendants’ Motion to Dismiss the Plaintiffs Second Amended Complaint Pursuant to Rule 12(b)(6) and (1) is ALLOWED. Final judgment shall enter under Mass.R.Civ.P. 12(b)(1) dismissing the plaintiffs complaint against both defendants without prejudice for lack of standing.

 For an extensive discussion of the history of the bankruptcy laws of the United States bearing upon jurisdictional questions, see Dunning, 410 B.R. at 882-86.

 This ruling is without prejudice to appropriate motions in the event that that the bankruptcy rulings are modified or are reversed or vacated on appeal. See e.g. Mass.R.Civ.P. 60(b)(5), (6). Rather than stay this action and leave it on this court’s active docket, the court in its discretion determines that dismissal is more appropriate, given the adequacy of postjudgment remedies such as Rule 60(b) in the event of significant developments in the federal courts affecting this case.